UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

COLLIN FRAME,

        Plaintiff,

v.         \\        Civil Action No. 5:22-cv-00069

        Honorable _____

BRINK'S INCORPORATED,
BRINK'S CAPITAL, LLC,
JOHN DOE I, and
MATTHEW JAMES ENGLAND,

        Defendants.

## COMPLAINT

NOW COMES Plaintiff, Collin Frame, by and through counsel, and hereby states the following for his Complaint:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Collin Frame [hereinafter "Plaintiff"], at all times relevant to this Complaint, was a resident of French Creek, Upshur County, West Virginia.

2. Upon information and belief, Defendant Brink's Incorporated is a Delaware corporation whose principal office address is 1801 Bayberry Court, P.O. Box 18100, Richmond, Virginia.

3. Defendant Brink's Incorporated is registered with the West Virginia Secretary of State and conducts business in the State of West Virginia.

4. Defendant Brink's Incorporated conducts business in the field of transportation and specialized freight trucking per the stated business purpose with the West Virginia Secretary of State.

5. Defendant Brink's Incorporated is an interstate motor carrier registered with the United States Department of Transportation under U.S.D.O.T. Number 76054.

6. Upon information and belief, Defendant Brink's Capital, LLC is a Delaware corporation whose principal office address is 1801 Bayberry Court, P.O. Box 18100, Richmond, Virginia.

7. Defendant Brink's Capital, LLC is registered with the West Virginia Secretary of State and conducts business in the State of West Virginia.

8. Defendant John Doe I is a currently unidentified person, company, partnership, corporation, limited liability company, and/or other entity which was, or may have been, the true employer and/or principal of Defendant Matthew England at all times relevant to this Complaint and the incident described herein which serves as the basis of this action.

9. The identity of Defendant John Doe I is unknown but will be identified through discovery and formally added as a party by amendment should same be warranted.

10. Throughout the remainder of this Complaint, Defendant Brink's Incorporated, Defendant Brink's Capital, LLC, and Defendant John Doe I shall collectively be referred to as "Defendant Brink's."

11. Upon information and belief, Defendant Matthew England [hereinafter "Defendant England"], at all times relevant to this Complaint, was a resident of Roanoke, in the Commonwealth of Virginia.

12. The incident which gives rise to the damages suffered by the Plaintiff occurred in Charmco, Greenbrier County, West Virginia.

13. Venue is proper in the United States District Court for the Southern District of West Virginia, Beckley Division, pursuant to 28 U.S.C. §1391, as the events giving rise to the Plaintiff's causes of action arose in Greenbrier County, West Virginia.

14. Jurisdiction is proper in the United States District Court for the Southern District of West Virginia, Beckley Division, pursuant to 28 U.S.C. §1332, as the parties to this action are citizens of different states and the amount in controversy exceeds the current jurisdictional minimum ($75,000.00).

## OPERATIVE FACTS

15. On February 18, 2020, Plaintiff was operating a 2006 Chevrolet Silverado traveling southbound on County Route 20, Coalfield Trail, in Charmco, Greenbrier County, West Virginia.

16. The vehicle driven by Plaintiff was being operated in a lawful manner at the time of the crash which gives rise to this Complaint.

17. At the time and place of the incident described herein, Plaintiff was traveling behind a 2017 Ford Armored truck also traveling southbound on County Route 20.

18. The 2017 Ford Armored truck was being operated by Defendant England.

19. Upon information and belief, prior to the subject collision, Defendant England drove while drowsy and fatigued.

20. While realizing he was drowsy and fatigued, Defendant England failed to stop or otherwise pull over and stop driving until such time as he was no longer drowsy and fatigued.

21. The 2017 Ford Armored truck was owned by Defendant Brink's.

22. The 2017 Ford Armored truck was a commercial motor vehicle as that term is defined by federal law.

23. At the same time and place, Lisa Vandall was operating a 2006 Acura MDX traveling northbound on County Route 20, Coalfield Trail, in Charmco, Greenbrier County, West Virginia.

24. As Defendant England approached Lisa Vandall, Defendant England closed his eyes while driving.

25. Defendant England closed his eyes because he was drowsy and fatigued.

26. As Defendant England approached Lisa Vandall traveling in opposite directions, while driving with his eyes closed, Defendant England negligently, carelessly, and recklessly traveled left of the center dividing line, into the northbound lane occupied by Lisa Vandall's vehicle.

27. As a result of Defendant England's actions/inactions, the 2017 Ford Armored truck operated by Defendant England crashed into the vehicle driven by Lisa Vandall in the northbound lane of County Route 20.

28. As a result of Defendant England's actions/inactions, the crash between the 2017 Armored truck operated by Defendant England and the vehicle operated by Lisa Vandall forced Ms. Vandall's vehicle into the southbound lane of County Route 20, resulting in a collision with the 2006 Chevrolet Silverado being driven by Plaintiff.

29. As a result of the collision between Lisa Vandall's vehicle and Plaintiff's vehicle, Plaintiff suffered severe and permanent injuries.

30. Plaintiff Collin Frame is an innocent victim who in no way contributed to causing any collision or any injury to himself on February 18, 2020. There was nothing he could do to avoid or minimize the collision or any of the damages resulting therefrom.

31. Plaintiff Collin Frame did nothing to contribute to his own severe and permanent injuries.

32. At the time of the collision, Defendant England was an agent and/or employee of Defendant Brink's.

33. At the time of the collision, Defendant England was acting in the course and scope of his employment and/or agency with Defendant Brink's and in the furtherance of the business of Defendant Brink's.

34. At the time of the collision, Defendant England was operating an armored truck which was owned, possessed, controlled, and/or leased by Defendant Brink's.

35. At the time of the collision, Defendant England was operating an armored truck which was insured by Defendant Brink's.

36. Upon information and belief, the armored truck driven by Defendant England and owned by Defendant Brink's was equipped with a collision avoidance system, designed to provide audible and/or visible warnings to the driver when the armored truck crossed out of the lane in which it was traveling and/or approached an object in the roadway such as another vehicle which was approaching.

37. Upon information and belief, Defendant Brink's also used a variety of other technologies to measure driver behaviors.

38. The collision was caused by the negligence, carelessness, and recklessness of Defendant England and Defendant Brink's.

39. The collision was foreseeable to Defendant England and Defendant Brink's and could have been avoided had said Defendants acted in a safe and prudent manner as required by West Virginia Law and in accordance with the standards required of professional truck drivers and motor carriers.

40. At the time of the collision, Defendant England had a duty to drive in conformance with the Federal Motor Carrier Safety Regulations and West Virginia law as well as the industry and corporate standards and guidelines emanating from these safety regulations and West Virginia law, including, but not limited to, the Required Knowledge and Skills set forth in 49 CFR Sections 383.111 and 383.113 as well as the mandates of 49 CFR Sections 390-395.

41. As a direct and proximate result of the Defendants' negligence, carelessness, and recklessness, Plaintiff Collin Frame suffered serious and debilitating injuries and damages, including, but not limited to, personal injuries and economic damage, both general and specific, some of which will be permanent and continue in the future.

## LIABILITY OF DEFENDANTS

### COUNT I – Negligence of Defendant England

42. The Plaintiff repleads, as though fully set forth herein, all other paragraphs of this Complaint.

43. Defendant England had a duty to operate the commercial vehicle in a safe and prudent manner in accordance with his training as a professional commercial motor vehicle driver and so as not to endanger the lives and welfare of Plaintiff and the motoring public.

44. This duty included keeping a proper lookout, paying attention, and operating the commercial vehicle at a reasonable and prudent speed in accordance with the conditions of the roadway and all traffic laws and regulations.

45. As a professional truck driver, Defendant England also had a duty to operate the commercial vehicle in accordance with the standards required of commercial vehicle drivers and in accordance with the required skills and knowledge set forth in 49 CFR Sections 383.111 and 383.113; the mandates of 49 CFR Sections 390-395; and industry and corporate standards and guidelines that emanate from these safety regulations.

46. Defendant England breached those duties and is liable for his tortious acts and omissions, which include, but are not limited to, the following:

 (a) Failing to keep a lookout for vehicles and traffic ahead;

 (b) Failing to perform a proper visual search;

 (c) Failing to manage his space;

 (d) Failing to maintain the vehicle within the proper lane of travel;

 (e) Failing to drive at a safe and reasonable speed under the conditions;

 (f) Failing to drive defensively;

 (g) Operating a motor vehicle while distracted/drowsy/fatigued;

 (h) Failing to operate the vehicle in a safe and prudent manner, thereby placing the lives and well-being of the public in general, and Plaintiff Collin Frame in particular, in grave danger;

 (i) Failing to adhere to safe driving principles expected of professional drivers;

 (j) Failing to operate the armored truck in accordance with generally accepted safety principles for professional drivers and/or the commercial motor vehicle industry;

 (k) Failing to operate the armored truck in a safe and prudent manner in view of the conditions that existed at the time of the crash;

 (l) Violating the West Virginia Rules of the Road including, but not limited to, W.Va. Code § 17C-7-1 (driving on right side of roadway); W.Va. Code § 17C-6-1 (driving at a speed greater than reasonable

under given conditions and circumstances); and, W.Va. Code § 17C-5-3 (reckless driving);

(m) Otherwise failing to act reasonably and prudently as a professional driver should under the circumstances; and,

(n) Such other specifications of negligence that shall be added by amendment or proven at trial.

47. As a result of the foregoing breaches of duties, Plaintiff suffered the losses and injuries described herein and from which he continues to suffer.

48. Alone or in conjunction with the negligence and recklessness of Defendant Brink's, Defendant England's negligence and recklessness proximately caused Plaintiff to suffer serious and debilitating injuries and damages, including, but not limited to, personal injury and economic damage, both general and specific, some of which will be permanent and continue in the future.

49. Defendant England is liable to Plaintiff for all damages allowed by law for the injuries and losses sustained by Plaintiff as a result of Defendant England's negligence and recklessness.

## COUNT II – Statutory Violations of Defendant England

50. The Plaintiff repleads, as though fully set forth herein, all other paragraphs of this Complaint.

51. Defendant England's actions/inactions, as described above, violated West Virginia statutes enacted for the safety of the traveling public; therefore, Defendant England is *prima facie* negligent pursuant to W.Va. Code § 55-7-9 and the common law.

52.     The roadway safety statutes violated by Defendant England include, but are not necessarily limited to, W.Va. Code § 17C-7-1 (driving on right side of roadway); W.Va. Code § 17C-6-1 (driving at a speed greater than reasonable under given conditions and circumstances); and W.Va. Code § 17C-5-3 (reckless driving).

53.     As a direct and proximate result of Defendant England's negligence, recklessness, and statutory violations, Plaintiff Frame suffered serious injuries and harm, including, but not limited to, personal injury and economic damage, both general and specific, some of which will be permanent and continue in the future.

### COUNT III – Respondeat Superior/Vicarious Liability of Defendant Brink's

54.     The Plaintiff repleads, as though fully set forth herein, all other paragraphs of this Complaint.

55.     Defendant England, at all times relevant to this Complaint, was acting in the course and scope of his employment and/or agency with Defendant Brink's.

56.     Defendant England, at all times relevant to this Complaint, was furthering the business interests of Defendant Brink's.

57.     Defendant Brink's is liable under the doctrine of *respondeat superior*, the rules of agency, and any other applicable theory of vicarious liability for the tortious acts and omissions of its agents, employees, members, representatives, servants, or contractors. These acts and omissions include, but are not limited to, the acts and omissions committed by Defendant England on February 18, 2020, which are described

above and were committed within the course and scope of his agency or employment with Defendant Brink's.

58. As a result of the foregoing breaches of duties, Plaintiff suffered the losses and injuries described herein and from which he continues to suffer.

59. Alone or in conjunction with the negligence and recklessness of Defendant England, Defendant Brink's negligence and recklessness proximately caused Plaintiff to suffer serious and debilitating injuries and damages, including, but not limited to, personal injury and economic damage, both general and specific, some of which will be permanent and continue in the future.

60. Defendant Brink's is liable to Plaintiff for all damages allowed by law for the injuries and losses sustained by Plaintiff as a result of Defendant England's negligence and recklessness and/or their own independent negligence and recklessness.

## COUNT IV – Negligence of Defendant Brink's

61. The Plaintiff repleads, as though fully set forth herein, all other paragraphs of this Complaint.

62. As an employer, Defendant Brink's is also independently negligent in hiring, qualifying, training, entrusting, supervising, and retaining Defendant England in connection with his operation of a commercial motor vehicle and for otherwise failing to act as a reasonable and prudent employer and motor carrier would under the same or similar circumstances.

63. Upon information and belief, Defendant Brink's failed to ensure that their armored truck and driver complied with federal and state laws and regulations.

64. Upon information and belief, Defendant Brink's failed to properly inspect, maintain, service, or repair the armored truck Defendant England was driving.

65. Upon information and belief, Defendant Brink's failed to properly train, monitor, and/or supervise Defendant England in order to ensure that he would not operate an armored truck when impaired due to drowsiness and fatigue.

66. As an employer and motor carrier, Defendant Brink's had certain duties and responsibilities as defined by the Federal Motor Carrier Safety Regulations, other federal law and regulations, West Virginia law, and industry standards including the duty to properly qualify Defendant England, the duty to properly train Defendant England, the duty to properly inspect and maintain its vehicles, and the duty to otherwise establish and implement necessary management controls and systems for the safe operation of its motor vehicles.

67. Pursuant to Chapter 49, Part 392.3 of the Code of Federal Regulations, a motor carrier shall not require or permit a driver to operate a commercial motor vehicle while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for the driver to continue to operate the commercial motor vehicle.

68. Defendant Brink's violated 49 C.F.R. §392.3 and were otherwise negligent, careless, and reckless by requiring or permitting Defendant England to operate a commercial motor vehicle while his ability or alertness was impaired due to fatigue or some other cause rendering him unsafe to operate the commercial motor vehicle/armored truck.

69. Defendant Brink's was independently negligent and reckless in failing to meet their duties and responsibilities under the Federal Motor Carrier Safety Regulations, other federal law and regulations, West Virginia law, and industry standards.

70. On the date of the incident described herein, Defendant England was operating a commercial motor vehicle with the permission of, and under the authority of, Defendant Brink's.

71. As a result of the foregoing breaches of duties, Plaintiff suffered the losses and injuries described herein and from which he continues to suffer.

72. Alone or in conjunction with the negligence and recklessness of Defendant England, Defendant Brink's negligence and recklessness proximately caused Plaintiff to suffer serious and debilitating injuries and damages, including, but not limited to, personal injury and economic damage, both general and specific, some of which will be permanent and continue in the future.

73. Defendant Brink's is liable to Plaintiff for all damages allowed by law for the injuries and losses sustained by Plaintiff as a result of Defendant England's negligence and recklessness and/or their own independent negligence and recklessness.

### COUNT V – Punitive Damages
### Defendant England and Defendant Brink's

74. The Plaintiff repleads, as though fully set forth herein, all other paragraphs of this Complaint.

75. The conduct alleged herein against Defendant Brink's and Defendant England caused the crash described herein, which in turn caused the injuries to Plaintiff Collin Frame.

76. Defendant Brink's and Defendant England acted in a negligent, grossly negligent, careless, and reckless manner, which proximately caused the injuries to Plaintiff.

77. The actions of Defendant Brink's and Defendant England, as alleged herein, evidence a conscious disregard for the rights and safety of other persons, having a great possibility of causing substantial harm.

78. The conduct of Defendant Brink's and Defendant England, as alleged herein, entitles Plaintiff Collin Frame to an award of punitive damages.

**WHEREFORE**, Plaintiff Collin Frame seeks relief from the Defendants as follows:

A. Compensatory damages, for past, present, and future medical expenses, loss of economic opportunity and income, loss of household services and other such damages in an amount to be determined by the jury upon proper proof presented at trial;

B. General damages, for past, present, and future pain, suffering, loss of enjoyment of life, emotional distress, and other such damages in an amount to be determined by the jury upon proper proof presented at trial;

C. Attorney's fees, costs and expenses incurred in the prosecution of this claim;

D. Pre-judgment and post-judgment interest as permitted by law;

E. Punitive damages, to the extent that the same are supported by the facts of this case as this matter proceeds in discovery; and,

F. Such other relief, available at law or in equity, and that is deemed appropriate as this matter matures for trial.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

Dated this 9th day of February 2022.

Plaintiff, Collin Frame, by Counsel,

/s/ Douglas R. Miley

_____
Douglas R. Miley, Esq.
(W.V. State Bar I.D. No. 10611)
**THE MILEY LEGAL GROUP, PLLC**
229 West Main Street, Suite 400
Clarksburg, WV 26301
(304) 326-1800 – phone
(304) 326-1801 – facsimile
dmiley@mileylegal.com